OPINION
{¶ 1} Curtis Jewell is appealing the summary judgment granted against him on behalf of Drs. Setnar, Dyer and Saul. He assigns a single error for our consideration:
 The trial court erred when it granted Appellee's [sic] motion for summary judgment and concluded that Appellant failed to demonstrate the existence of specific facts showing genuine issues for trial. Specifically, whether the corporate entity of Appellee Victorian Village Internal Medicine, Inc. (VVIM) *Page 2 
should be disregarded so as to subject the Appellee shareholders to personal liability under VVIM's lease with Appellant.
 {¶ 2} In November 2000, Jewell purchased an office building at 94 West Third Avenue in Columbus, Ohio. The building was used for office space for Victorian Village Internal Medicine, Inc. ("VVIM"). VVIM encountered increasing financial problems and a decision was made to dissolve the corporation. Two of the doctors who had had medical practices at 94 West Third Avenue moved their offices across the street.
 {¶ 3} When the decision was made by the board of trustees for VVIM to dissolve the corporation, several years remained on the eight-year lease VVIM had with Jewell. Jewell sued VVIM and three of their doctors who had had offices at his building.
 {¶ 4} The lawsuit pursued two distinct theories. First, the lawsuit alleged the doctors were personally liable on the lease because they personally signed the lease. Second, the lawsuit alleged that the corporate veil of VVIM should be pierced due to fraudulent or illegal conduct of past or present shareholders of VVIM. The trial court rejected both theories based upon the facts before it. We are called upon to review the trial court's summary judgment on behalf of the individual physicians.
 {¶ 5} The lease for 94 West Third Avenue was appended to the amended complaint in this case. The lease clearly indicated that the tenant is "Victorian Village Internal Medicine, Inc., an Ohio Corporation By Milton I. Setnar, D.O. — By Harold L. Dyer, D.O. (and) By Kenneth W. Saul, D.O." Since the named physicians are clearly signing the lease in their capacity vis-à-vis VVIM, the only liability established on the face of the lease is liability for VVIM, the corporation. Corporations are viewed as separate legal entities or "persons" under Ohio law.Charvat v. Farmers Ins. Columbus, Inc., *Page 3 178 Ohio App.3d 118, 2008-Ohio-4353, ¶ 21. The corporate entity is solely liable unless the corporate veil can be pierced. Id. Drs. Setnar, Dyer and Saul are not personally liable merely because they signed the lease on behalf of the corporation. Jewell's first theory as to liability of the individual physicians was correctly rejected by the trial court.
 {¶ 6} The second theory was that the corporate veil should be pierced and the individual physicians should be held liable despite the existence of the corporation. Trial courts address the issue of when a corporate veil should be pierced with the guidance of the Supreme Court of Ohio in two key cases, Belvedere Condominium Unit Owners' Assn. v.R.E. Roark Cos., Inc. (1993), 67 Ohio St.3d 274; and Dombroski v.Wellpoint, Inc., 119 Ohio St.3d 506, 2008-Ohio-4827.
 {¶ 7} In the Belvedere case, the Supreme Court of Ohio wrote:
 The corporate form may be disregarded and individual shareholders held liable for wrongs committed by the corporation when (1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own, (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong.
Id. at paragraph three of the syllabus.
 {¶ 8} The Supreme Court of Ohio clarified the Belvedere case by holding in the syllabus of Dombroski:
 To fulfill the second prong of the Belvedere test for piercing the corporate veil, the plaintiff must demonstrate that the defendant shareholder exercised control over the corporation in such a manner as to commit fraud, an illegal act, or a similarly unlawful act. *Page 4 
 {¶ 9} Following the mandate of the Dombroski case, to pierce the corporate veil as to an individual shareholder or group of shareholders, the court must find that the shareholder or shareholders exercised control over VVIM in such a manner as to commit fraud, an illegal act or a similarly unlawful act. The trial court found no such illegal or fraudulent act and hence no piercing of the corporate veil. The trial court correctly resolved that issue.
 {¶ 10} When Jewell negotiated the purchase of 94 West Third Avenue, he requested a three-year extension of the lease. Dr. Setnar, who was a partner in the entity selling the building, was able to arrange that extension by virtue of his role in VVIM. However, neither he nor the other shareholders in VVIM signed personal guarantees for the lease.
 {¶ 11} The bank which provided Jewell the loan to enable him to purchase the building, charged Jewell an increased rate of interest because the bank viewed VVIM as being less than financially sound. Jewell was on notice before he closed on the purchase that his only tenant was losing money.
 {¶ 12} After the purchase, attempts were made by Dr. Setnar, who, by then, was no longer a shareholder in VVIM, to negotiate a reduced rent. Jewell refused, blaming the increased cost of his loan as the reason for his refusal. The remaining shareholders in VVIM then decided that they would be better off dissolving the corporation and moving their individual medical practices to other locations.
 {¶ 13} There was nothing illegal or fraudulent about the way the transaction was conducted. When one contracts with a corporation, there is no guarantee that the corporation will always exist. Personal guarantees can be sought from officers and/or *Page 5 
shareholders. Such guarantees were sought by Jewell, but the doctors involved refused to provide them.
 {¶ 14} Without the proof of the second prong of the Belvedere test, as construed by Dombroski, the corporate veil cannot be pierced. The trial court correctly resolved this issue also.
 {¶ 15} The single assignment of error is overruled. The judgment of the Franklin County Court of Common Pleas is therefore affirmed.
Judgment affirmed.
FRENCH, P.J., and SADLER, J., concur. *Page 1